Mr. Justice 'Walker, delivered the opinion of the Court. This suit was instituted by the administrator of Miller Irwin, on the following instrument: “Sept. 6, 1845. Due Miller Irwin one hundred and seventy-one dollars and three cents, for value rec’d. (Signed) H.«L. Biscoe.” In defence, Biscoe filed several pleas, in which the same ground of defence was set up under different circumstances! To each of which, demurers were sustained. A consideration of the legal right of the defendant under the contract, set up in his pleas, will, we apprehend, dispose of them all. Each of the pleas discloses a written contract of even date with the due bill in suit, which is set forth at length together with a recital that the defendant had filed the transcript of a judgment in favor of the State Bank v. Nicholas Righter’s estate for $800 debt and $107 damages, in the Probate Court of Phillips county, which had been allowed and classed in the 3d class, and after these recitals, concludes as follows: “Now, I bind myself that the proceeds of the note above described shall be applied to the payment of the allowance above referred to, either by the purchase of Arkansas money with the amount of this note $171 03 par funds, or the said Biscoe shall have the right to liquidate said note in Arkansas money, at the rate of discount on the said Arkansas funds, so as to make the amount in Arkansas equal his note as above stated: (signed) Miller Irwin.” This agreement will be found to contain but two important stipulations: first, that Miller Irwin will, with the proceeds of the note, so executed, purchase Arkansas money and apply it to the payment of the claim so allowed in favor of the Bank; or, secondly, that Biscoe shall have the privilege of paying it in Arkansas money at its value! With regard to the first, it is evident that the payment of the note by Biscoe, was a condition precedent to the act to be done by Irwin, because the purchase of the Arkansas funds was to be made with the proceeds of the note; or, in other words, the money paid upon the note. It is evident, then, that this breach of the agreement can furnish no defence against the collection of the note. To test the rights of the parties and their liabilities under this agreement, suppose that Biscoe had sued Irwin. In order to maintain his action for a breach of the first stipulated duty on the part of Irwin, he would necessarily have had to aver that Irwin had received the money upon the note, before he could fix upon him a liability for failing to buy Arkansas money with it. How, then, can he set this agreement up as a defence in bar to the right of recovery upon the note? The mere statement of the facts show that no such defence could be interposed. As regards the second stipulation, it amounted to nothing more than a condition annexed to his note, by which he might discharge his debt in Arkansas Bank paper at its value. In order to have availed himself of this defence, he should have averred a tender of Arkansas Bank paper, equal in value, to $171 03 cash, made in apt time. Nothing of the kind is averred in either of the pleas. There is an attempt made, in the three last pleas, to connect with this written agreement, by averments, matters touching the consideration upon which the note was executed, to the following effect: that Biscoe was indebted to Righter in his life-time, and that Irwin, his administrator, took the note in suit upon settlement of that indebtedness, and that although the note was executed to Irwin in his individual right, it was, in truth, a debt due the estate of Righter. Concede all this to be true, and still the legal rights of the parties are not thereby changed., Irwin had a right to take the note either in his individual or his representative right. In the first instance, he would be liable over to the estate as for a devastavit, but the contract would not be the less valid as between the parties. (Hemphill v Hamilton's adm., 6 Eng. 425.) Nor does the averment that defendant had subsequently bought the claim so allowed of the Bank, add anything to the validity of his defence at law. We deem it wholly unnecessary to comment upon the several averments in these pleas, as under no state of case under which the facts could be presented, would they furnish a defence to the action. The judgment of the Phillips circuit must, in all things, be affirmed.